UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BUILDING AND CONSTRUCTION TRADES DEPARTMENT, et al.,<br><br>　　　　　　　Defendants. | NO: 12-CV-0109-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Plaintiffs' Motion to Compel Compliance with Court's Prior Order, ECF No. 95, and Defendants' Motion for Protective Order, ECF No. 107. These matters were heard with oral argument on September 26, 2012. Daniel M. Shanley, C. Matthew Anderson, and John T. DeCarlo appeared on behalf of the Plaintiffs. Leon Dayan, Carl J. Oreskovich, and Abigail V. Carter appeared on behalf of Defendants. The Court has reviewed the relevant pleadings and is fully informed.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 1

BACKGROUND

On June 21, 2012, Plaintiffs filed a motion for targeted discovery relevant to Defendants' motion to transfer.[1] ECF No. 65. After hearing oral argument, the Court ordered Plaintiffs to propose specific and limited interrogatories, after which time the Defendants had four business days to comment. ECF No. 81. After reviewing Plaintiffs' proposed interrogatories and Defendants' comments, the Court issued an Order granting in part and denying in part targeted jurisdictional discovery on August 2, 2012. ECF No. 85. The Court found that limited discovery would be helpful to establish whether it has personal jurisdiction over Defendants Hill and Williams, however, at the early stage of the proceedings, discovery "must be extremely limited to only include information that will be helpful in establishing personal jurisdiction over the Defendants Hill and Williams." ECF No. 85 at 6. Thus, the Court entered an order on August 2, 2012 ("Order") requiring Defendants Hill and Williams to answer interrogatories and produce certain records, including:

---

[1] Defendants' pending Motion to Transfer primarily argued that Defendants Williams and Hill lacked sufficient minimum contacts with Washington to establish personal jurisdiction, and that the State of Washington is not a convenient venue. ECF No. 47.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 2

      c. All non-electronic documents (including letters and memorandums) sent between Hill or Williams and persons in Washington State pertaining to the Carpenters from April 2010 to the present.
      d. All electronic correspondence to or from Hill or Williams and persons in Washington State pertaining to the Carpenters from April 2010 to the present.

ECF No. 85 at 7. Defendants responded on August 23, 2012 with 3,650 pages of documents. Plaintiffs claim that hundreds of pages were heavily redacted and identified by Defendants as "confidential organizing information." ECF No. 97 at 5.

      After the documents were produced, the parties conferred to discuss the redacted information and a possible protective order. ECF No. 108 at 4. During the meet and confer conference on this issue Defendants decided to withdraw Williams' personal defense for two reasons: (1) Hill still asserts lack of personal jurisdiction and as long as any one Defendant lacks minimum contacts, the grounds for Defendants' motion to transfer are the same, and (2) it was a waste of resources to litigate the issue of redactions "given how little was ultimately at stake with respect to the information in question." ECF No. 108 at 5-6. At this time, Defendants also declined to pursue a protective order pertaining to the redacted information. ECF No. 108 at 4.

      Plaintiffs filed their response to Defendants' Motion to Transfer on August 30, 2012. ECF No. 88. On September 6, 2012 Defendants filed a Motion to

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 3

withdraw Defendant Williams' defense of lack of personal jurisdiction. ECF No. 91. On September 10, 2012, Plaintiffs filed the instant Motion to Compel Compliance with the Court's Order. ECF No. 95.  Defendants filed their Cross-Motion for Protective Order on September 14, 2012. ECF No. 107.

DISCUSSION

Plaintiffs argue Defendants violated the Court's Order to produce "all" documents between Hill and Williams and the State of Washington, because the documents produced contained "page after page of non-privileged, responsive information completely redacted." ECF No. 97 at 1. Defendants contend that they properly logged attorney-client privileged materials and produced documents containing Rule 26 (c)(1)(G) materials, "taking care to leave in information that would show the frequency and general nature of IUPAT's contacts with Washington State but redacting details that would reveal to UBC what its competitor IUPAT's particular plans and strategies were." ECF No. 108 at 3.

Defendants further argue that because the redacted documents pertained to Williams' defense of personal jurisdiction, the withdrawal of the defense makes this entire issue moot. ECF No. 108 at 6.  Plaintiffs respond that despite the withdrawal, their motion to compel is not moot because the redacted information is still "highly relevant" to contradict Defendants' arguments in their pending Motion

to Transfer that (1) Defendant Hill does not have sufficient minimum contacts for personal jurisdiction, [2] and (2) the venue is inconvenient. ECF No. 97 at 2.

As an initial matter, the Court emphasizes that it did not implicitly accept or reject any claim that information was privileged or protected when it ordered Defendants to produce "all" electronic and non-electronic correspondence between Hill or Williams and persons in Washington State.  ECF No. 85.  As per Fed. R. Civ. P. 26(c)(1), "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1).  It is the responsibility of the party seeking a protective order or asserting privilege to bring the issue to the Court's attention for resolution, and the Court had no obligation to anticipate such a request.

---

[2] Plaintiffs contend that because Hill and Williams are alleged "co-conspirators" under the RICO claims, Hill is responsible for all of the conduct of his co-conspirators, and therefore any communications about the Carpenters in Washington State is relevant to jurisdiction over Defendant Hill. ECF No. 97 at 2. This argument puts the cart before the proverbial horse. The Court's Order was limited only to determining the contacts between the State of Washington, and Defendants Hill and Williams as individuals.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 5

Further, the Court holds that the withdrawal of the defense of personal jurisdiction as to Williams renders discovery responses as to his contacts with the State of Washington moot.  The Court's Order repeatedly emphasized that it was "extremely limited" to <u>only</u> information regarding personal jurisdiction over these two Defendants, and did not extend to discovery on Defendants' "convenience of the parties" argument. Consequently, due to the withdrawal of Defendant Williams' defense of personal jurisdiction, only Defendant Hill's discovery responses regarding his contacts with Washington State are still relevant and discoverable under the precise terms of the Order. Plaintiffs have indicated that none of the redacted documents at issue were responses from Defendant Hill, therefore, the Plaintiffs' Motion to Compel is denied as moot.[3]

Defendant Williams' withdrawal of his defense of personal jurisdiction similarly moots Defendants' Motion for a Protective Order, as the redacted documents produced by Defendant Williams regarding personal jurisdiction are no longer relevant under the terms of the Court's Order.  The Court does anticipate ongoing disputes regarding sensitive material in this case if it moves forward, and

---

[3] During oral argument, the Court directed Plaintiffs to immediately supplement their Memorandum in Opposition to Defendants' Motion to Transfer if they have received supplemental pertinent documents after August 30, 2012.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 6

1  therefore strongly encourage the parties to confer regarding a mutually agreeable

2  protective order for the Court's approval as indicated by their Joint 26(f) Report.

3      Finally, as the Court denied Plaintiffs' Motion to Compel as moot, it denies

4  Plaintiffs' request for sanctions under FRCP 37(b)(2)(A).

5  **ACCORDINGLY, IT IS HEREBY ORDERED:**

6      1. Plaintiffs' Motion to Compel Compliance with the Court's Prior Order,

7         ECF No. 95, is **DENIED** as moot.

8      2. Defendants' Motion for Protective Order, ECF No. 107, is **DENIED** as

9         moot.

10      The District Court Executive is hereby directed to enter this Order and

11  provide copies to counsel.

12      **DATED** this 28th day of September, 2012.

13                     *s/ Thomas O. Rice*

14                     THOMAS O. RICE
                    United States District Judge